**FILED & ENTERED**

APR 29 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Heartwise, Inc.<br><br>Debtor(s). | Case No.: 8:20-bk-13335-SC<br><br>CHAPTER 11<br><br>Adv No: 8:21-ap-01019-SC<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF, OR RELIEF FROM, THE FEBRUARY 23, 2022, ORDER DISMISSING DOYLE'S ADVERSARY PROCEEDING WITH PREJUDICE AND MOTION FOR MORE PARTICULAR FINDINGS UNDER BANKRUPTCY RULE 7052 [DK. 752] AND (2) VACATING HEARING** |
| DavidPaul Doyle<br><br>Plaintiff(s),<br>v.<br><br>Robinson Pharma, Inc.<br><br>Defendant(s). | <u>Hearing to be Vacated</u><br>Date:    May 4, 2022<br>Time:    11:00 AM<br>Courtroom:  5C |

-1-

The Court has reviewed the Plaintiff's Motion for Reconsideration of, or Relief From, the February 23, 2022, Order Dismissing The Adversary Proceeding With Prejudice and Motion For More Particular Findings Under Bankruptcy Rule 7052 [Dk. 752] (the "Motion"), the docket as a whole, and finds this matter appropriate for disposition without a hearing. For the reasons set forth below, the Court finds good cause to DENY the Motion and VACATE the hearing on the Motion.

I. **Reconsideration, or Relief from Judgment, is not appropriate under the circumstances.**

Plaintiff has not met his burden to establish that reconsideration, or relief from the Judgment, is warranted. Generally, reconsideration of a Court's order may be achieved under either Federal Rule of Civil Procedure ("FRCP") 59(e) (motion to alter or amend a judgment), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 9023, or FRCP 60(b) (relief from judgment), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 9024. Fed. R. Civ. Proc. 59(e). Fed. R. Bankr. Proc. 9023. Fed. R. Civ. Proc. 60(b). Fed. R. Bankr. Proc. 9024. See also *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993).

FRCP 59(e) allows for reconsideration if the bankruptcy court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citation omitted). FRCP 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding" for reasons that include: "(1) mistake, inadvertence, surprise, or excusable neglect"; (4) the judgment is void;" and "(6) any other reason that justifies relief." Fed. R. Civ. Pro. 60(b).

Importantly, a motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608

(Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'"). "[M]otion[s] for reconsideration should not be granted, absent highly unusual circumstances…[and] may not be used to raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

Having reviewed the Motion and the entire docket in this case, the Court notes that the Motion contains arguments which were previously presented to the Court in Plaintiff's Objection to Proposed Form of Order Dismissing Adversary Proceeding filed by Plaintiff on February 18, 2022 ("Objection") [Dk. 68].[1]

As Plaintiff has not met his burden to demonstrate that reconsideration, or relief from judgment, is appropriate in these circumstances, Plaintiff's request for such relief is DENIED.

## II.    Additional Findings

Alternatively, Plaintiff requests additional findings. A motion to amend an order or judgment, or to make additional findings is governed by Federal Rule of Bankruptcy Procedure 7052, which incorporates FRCP 52. FRCP 52 permits a party to "question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings," and request amendment of a court's findings, or the issuance of additional findings. Fed. R. Civ. Pro. 52(a)(5) & (b). One purpose of Rule 52(a) is to aid appellate

---

[1] The Court recognizes that the Motion contains additional detail and more supporting authority than the Objection, however, it is clear that the arguments contained in the Motion are, at core, the same arguments presented in the Objection (i.e., that dismissal with prejudice amounts to a dismissal on the merits, that the Court lacked jurisdiction to rule on the merits due to its determination of mootness, that the Court was unclear regarding how the confirmed plan is *res judicata*). That the Motion encompasses and analyzes additional facets of the same underlying arguments does not render it sufficient to warrant reconsideration. Moreover, Plaintiff has not met his burden to demonstrate that such additional detail and support could not have been provided to the Court in the first instance. As noted above, reconsideration motions "may not be used to raise arguments…for the first time when they could have reasonably been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

court by affording it clear understanding of ground or basis of decision of lower court. *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975).

Plaintiff asserts that neither the Court's oral ruling from the bench, nor its order dismissing the adversary proceeding[2], contain necessary findings pursuant to FRCP 52(a)(1) to inform the parties and a court of appeals of the basis for the Court's decision. The Court, however, was not required to issue findings in connection with its order. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12…"); *Mitchell v. Occidental Ins., Medicare*, 619 F.2d 28, 30 (9th Cir. 1980) (under Federal Rule of Civil Procedure 52, "no findings [of fact and law] are necessary in judgments on motions to dismiss"); *Lee v. Select Portfolio Servicing, Inc. (In re Lee)*, 781 F. App'x 677, 678 (9th Cir. 2019) ("Contrary to Lee's contention, the bankruptcy court was not required to state findings or conclusions in its dismissal order."). See also *D.C.W. v. Whaley*, 170 Fed. Appx. 549, 2006 U.S. App. LEXIS 5475 (10th Cir. 2006) (a court's decision to grant motion to dismiss for lack of subject matter jurisdiction does not require findings and conclusions pursuant to FRCP 52(a)). Accordingly, as the Court was not required to issue findings pursuant to the plain language of FRCP 52(a), Plaintiff's request is denied.

///

---

[2] While the Court dismissed the adversary proceeding *with prejudice*, such a dismissal was pursuant to FRCP 12(b)(1) and/or (b)(6), and is not meant to reflect that the Court adjudicated this adversary proceeding on the merits of the Plaintiff's asserted claims.

### III.	Conclusion

In light of the foregoing, after having reviewed the Motion and related pleadings, and the docket as a whole, the Court finds that this matter is appropriate for disposition without a hearing, and finds good cause to DENY the Motion, and VACATE the hearing on the Motion.

Date: April 29, 2022

Scott C. Clarkson
United States Bankruptcy Judge